### CULLIVER *vs.* GARIC ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
OF THE EIGHTH PRESIDING.

Where the plaintiff shows a conveyance of the property in contest, by an act of sale from an agent of the United States, of prior date to the patent under which the defendant claims, but fails to show the authority of the agent, there should only be a judgment of non-suit against him.

The conveyance of the government agent of prior date divested the United States of all title, which it could not take from the purchaser, either by a subsequent act of Congress or a patent from the President.

The plaintiff alleges he is the owner of a lot of ground, in that part of the town of East Baton Rouge, laid out by E. T. Hall; that he derived his title to said lot by virtue of a conveyance made on behalf of the United States, through its constituted agent, Capt. Thomas S. Rogers, by an authentic act to said Hall, passed the 7th September, 1819, and by the latter to one Charles Peters, who sold and conveyed it to the petitioner, the 24th December, 1821. He further alleges that the defendant is in possession of the premises, and refuses to give them up. He prays to be declared the true owner, and to be put in possession, together with one thousand dollars damages and costs.

The defendant disclaimed title, and averred he held the premises as the tenant of the widow and heirs of one J. Poret, whom he prayed might be cited to defend.

EASTERN DIST.
May, 1837.

CULLIVER
vs.
GARIC ET AL.

Poret's widow and heirs set up a title under a patent from the President of the United States, dated the 26th September, 1824, which was founded on an original settlement right given by the Spanish government in 1801 ; wherefore, they aver they have better title than the plaintiff, and pray that his suit be dismissed.

Upon these pleadings and issues, the parties went to trial. The respective titles were produced, but the plaintiff omitted to introduce in support of the conveyance to Hall, the power or authority of Captain Rogers, to act as the agent of the United States.

The district judge decided that it was unnecessary to inquire whether the conveyance from Rogers was made with the proper formalities, as the United States never owned the property and could not convey it. Judgment was rendered for the defendants, from which the plaintiff appealed.

*Elam*, for the plaintiff.

*A. N. Ogden*, contra.

*Martin, J.*, delivered the opinion of the court.

This is a petitory action, in which the plaintiff claims the premises in the possession of the defendant, on the re-conveyance from Hall, to whom they were transferred by Rogers, who was authorized to do so by the government of the United States.

The defendant disclaimed any title, and alleged himself to be the lessee of the widow and heirs of John Poret, deceased. The lessors came in to defend the possession of the defendant, their lessee, and claimed title in themselves, under a patent of the President of the United States, to J. Poret. They pray that their title might be recognized by the court, and the plaintiffs petition be dismissed. At the trial, the plaintiff failed to establish the authority of Rogers, as agent

12

EASTERN DIST.
*May*, 1837.

Where the plaintiff shows a conveyance of the property in contest, by an act of sale from an agent of the United States, of prior date to the patent under which the defendant claims, but fails to show the authority of the agent, there should be only a judgment of non-suit against him.

The conveyance of the government agent of prior date, divested the United States of all title, which it could not take from the purchaser, either by a subsequent act of Congress or a patent from the president.

of the government of the United States. The District Court thought it was useless to inquire whether Rogers had such an authority, " as the government of the United States never owned the property, and could not convey it." It decreed the premises to be the property of the defendants, and gave judgment against the plaintiff.

The conveyance of Rogers to Hall, bears date of the 7th September, 1819, and the patent issued the 26th March, 1824, in pursuance of an act of Congress, confirming the title of Poret to the premises, passed the eighth day of May, 1822.

It appears to us there ought to have been judgment for defendants as in case of a non-suit, the plaintiff having produced the conveyance of Rogers, and having failed to show the authority of the latter. It was material to show this authority, for it established that the plaintiff at the date of that conveyance acquired the title of the United States to the premises, of which they could not have divested him by an act of Congress, in the year 1822, nor the patent of the President of the United States, of the year 1824.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment for the defendants as in case of a non-suit, with costs in the District Court, and that they pay the costs of the appeal.